IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY PADGETT                                                        PLAINTIFF

    v.                         CIVIL NO. 5:17-CV-5007

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tammy Padgett, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on June 21, 2014, alleging an inability to work since January 1, 2015,[2] due to Chronic Obstructive Pulmonary Disease ("COPD"), chronic depression, and pain in her hips, knees and ankles. (Tr. 125, 136). For DIB purposes, Plaintiff maintained insured status through December 31, 2018. (Tr. 125, 136).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff's original alleged onset date was June 9, 2014; however, at the August 4, 2015 hearing before the ALJ, Plaintiff amended her alleged onset date to January 1, 2015. (Tr. 75).

1

An administrative hearing was held on August 4, 2015, at which Plaintiff and a vocational expert testified. (Tr. 74-123).

By written decision dated October 28, 2015, the ALJ found that during the relevant time period, Plaintiff had severe impairments of COPD, obstructive sleep apnea, restless leg syndrome, osteoarthritis, and obesity. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a), except that:

> [C]laimant can occasionally climb ramps and stairs but can never climb ladders, ropes, scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. In addition, the claimant must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, poor ventilation and hazards, including no driving as a part of work.

(Tr. 19). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was able to perform her past relevant work as a clerical assistant/data entry clerk and payroll clerk. (Tr. 24). Thus, the ALJ concluded that Plaintiff was not disabled during the relevant time period of January 1, 2015, the amended alleged onset date, through October 28, 2015, the date of the ALJ's decision. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 8, 2016. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

2

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 27th day of June, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE